**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GERALD HARRIS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-1089-M-BH** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **ACTING COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference filed October 12, 2012, before the Court for recommendation is *Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act* (doc. 22), filed October 7, 2012. Based on the relevant filings, evidence, and applicable law, the request for attorney's fees should be **GRANTED, in part**.

**I.   BACKGROUND**

On May 24, 2011, through counsel, Plaintiff filed a complaint seeking reversal and remand of the Commissioner's decision denying his applications for Social Security disability benefits and supplemental security income. (*See* doc. 1.) On September 26, 2012, the Court entered judgment, reversing and remanding the case for further proceedings. (*See* doc. 21.) Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (doc. 22.) The Commissioner objected to the amount of fees sought. (doc. 24.) The motion is now ripe for recommendation.

**II.   ANALYSIS**

Pursuant to the EAJA, the Court must award attorney's fees and expenses if: (1) the claimant

is the "prevailing party";[1] (2) the Government's position was not "substantially justified"; and (3)

there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784,

790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the

EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "In determining the reasonableness

of such fees, [the Fifth Circuit] has adopted the 12-factor 'lodestar' test enunciated in *Johnson v.*

*Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[2] *Sanders v. Barnhart*, No. 04-

10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam); *see also Hall v. Shalala*, 50

F.3d 367, 369 (5th Cir. 1995). The claimant has the burden of demonstrating that the hours claimed

were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.

1990); *Sandoval*, 86 F. Supp. 2d 601.

Here, as the prevailing party, Plaintiff has requested $8,976.00 in attorney's fees based on

47 hours and 12 minutes at an hourly rate of $171.25 for attorney time and 9 hours and 25 minutes

---

[1] To be the "prevailing party" for purposes of the EAJA, the claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993).

[2] "To decide an appropriate attorney's fee award, the court must first calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615–16 (N.D. Tex. 2000) (citations omitted). "The court must then determine whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the [*Johnson*] factors." *Id.* (citations omitted). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Notably, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted); *accord Jason D.W. v. Houston Indep. School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The Fifth Circuit has therefore "held that it is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

at an hourly rate of $95.00 for paralegal time.[3]  (doc. 22-2 at 8.)  Counsel has submitted an itemized

billing statement detailing the time he devoted to the case.  (*See* doc. 22-1.)  The Commissioner does

not dispute entitlement to attorney's fees or to the hourly rate requested, but she objects to the

claimed number of attorney hours for certain tasks as excessive and unreasonable.  (doc. 24 at 1.)

A.    **Decision to Take the Case**

The Commissioner contends that 160 minutes (approximately 2.67 hours) for deciding

whether to take Plaintiff's case are unreasonable because "counsel is a very seasoned attorney with

many years' experience handling virtually nothing other than Social Security disability cases."  (doc.

24 at 3.)  She requests that this time be reduced to 60 minutes (1 hour).  (*Id.*)

"[T]he purpose of the EAJA is to eliminate for the average person the financial disincentive

to challenge unreasonable governmental actions."  *Murkeldove*, 635 F.3d at 793 (citations omitted);

*accord Sullivan v. Hudson*, 490 U.S. 877, 883 (1989).  This purpose is achieved by "encourag[ing]

counsel to take cases involving such challenges."  *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1092

(E.D. Wis. 2003); *see also Murkeldove*, 635 F.3d at 793.

In order to determine whether this case involved such a challenge, and because he did not

represent Plaintiff during the administrative proceedings or in his petition for review to the Appeals

Council, counsel spent 115 minutes of the disputed time conferring with Plaintiff's attorney at the

administrative level, and reviewing key portions of the record, such as the ALJ's decision and the

Appeal Council's denial for review.  (*See* docs. 22-1 at 1; 25 at 1–2.)  Conferring with former

counsel was necessary because certain materials, such as the hearing transcript, were unavailable

---

[3]  In his motion for attorney's fees, Plaintiff states that if "Defendant opposes [his] motion, additional legal work will be required," and he requests fees "for any supplementary time that is reasonably required to successfully adjudicate [his] motion."  (doc. 22-2 at 8.)  In his reply to the Commissioner's response, however, he withdraws this request.  (*See* doc. 25 at 5.)

prior to the appeal.  Counsel also spent 45 minutes consulting with Plaintiff to assess the merits of

his case and to give him an overview of the appeals process.  (*See* docs. 22-1 at 1; 25 at 2.)

Compensating counsel for the time spent determining whether Plaintiff had a legitimate claim for

appeal arguably furthers the purpose of EAJA.  *See Murkeldove*, 635 F.3d at 793.

The 2.67 hours requested are reasonable for the work performed and should not be reduced.

*See Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *2 (N.D. Tex. Mar. 15,

2011), *recommendation adopted*, 2011 WL 2990368 (N.D. Tex. July 22, 2011) (finding that 2 hours

requested by counsel, who had "represented [the claimant] during the administrative process,

including at the administrative hearing," to "assess the viability of an appeal," conduct the necessary

research, and "discuss the advantages and disadvantages of filing a lawsuit with the [claimant]" were

reasonable).[4]

## B.   Reviewing the ALJ's Decision and Determining the Issues for Appeal

The Commissioner claims the 95 minutes (approximately 1.58 hours) that counsel spent

reviewing the ALJ's decision  on August 2, 2011, are unreasonable because this work is

"duplicative" of the work done on July 27, 2011, when he reviewed the first 54 pages of the record,

which included the ALJ's decision, "and took notes on the alleged deficiencies contained therein."

(doc. 24 at 3.)  She "requests that Plaintiff not be reimbursed for [this] work."  (*Id.*)

---

[4] With respect to the *Johnson* factors, the "difficulty" and "undesirability" of Plaintiff's case could be evidenced by former counsel's decision not to appeal his claim in federal court. *See Johnson*, 488 F.2d at 718–19. The contingent nature of the fees awarded under the EAJA, as well as the fact that social security attorneys often accept cases at the expense of foregoing others, also support the reasonableness of the fees requested in this case. *See id.*; *see also Griggs v. Astrue*, No. CIV. 10-3011, 2011 WL 4574399, at *3 (W.D. Ark. Oct. 4, 2011) ("[F]ee awards should be substantial enough to encourage attorneys to accept Social Security cases—particularly when the attorney faces a risk of nonpayment.") (citations omitted).  Lastly, rather than a penalty, counsel's alleged "skill, ... experience, reputation, and ability" should serve to justify the fees requested. *See Johnson*, 488 F.2d at 718–19; *see also Gruber v. Bowen*, 673 F. Supp. 970, 972 (W.D. Wis. 1987), *aff'd sub nom. McGuire v. Sullivan*, 873 F.2d 974 (7th Cir. 1989) ("It is clear that many less experienced lawyers would not have persisted in attempting to win benefits for this plaintiff, or have been successful in obtaining them.").

Counsel spent the disputed 1.58 hours identifying seven issues for appeal and assessing the merits of each issue based on the applicable law and relevant facts. (*See* docs. 22-1 at 2; 25 at 2–3.) Although counsel initially reviewed the ALJ's decision to identify possible reversible error, it was reasonable for him to select the definitive issues for appeal only after familiarizing himself with the entire record and researching the applicable law in order to maximize Plaintiff's odds of success. His analysis identified seven errors in the ALJ's decision that ultimately resulted in a remand. *See Harris v. Astrue*, No. 3:11-CV-1089-M-BH, 2012 WL 4442303, at *12–15 (N.D. Tex. Sept. 7, 2012), *recommendation adopted*, 2012 WL 4458405 (N.D. Tex. Sept. 26, 2012). "[I]t is well established that the most critical factor in determining an award of attorney's fees is the degree of success obtained by the victorious plaintiff[]." *Northwinds Abatement, Inc. v. Empl'rs. Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (internal quotations omitted); *accord Hensley*, 461 U.S. at 436. In view of Plaintiff's success, the time requested to determine the issues for appeal is reasonable and should not be reduced. *See Northwinds*, 258 F.3d at 354.

## C.   **Preparation of the "Course of Proceedings" and "Facts" Sections of Opening Brief**

The Commissioner contends that counsel should be compensated for no more than 120 minutes (two hours) for drafting the "course of proceedings" and "facts" sections of Plaintiff's summary judgment brief. (doc. 24 at 4.) She argues that the 380 minutes (approximately 6.33 hours) requested are excessive because this work, which was done on August 9 and 11, 2011, is duplicative of the 420 minutes (7 hours) that counsel spent "reviewing and taking copious notes on the administrative record" the week before. (*Id.*)

"To determine whether substantial evidence" supports the ALJ's decision, "one must understand and interpret the claimant's medical record, … [which] may consist of complex medical

terminology, medical reports, progress notes, diagnoses, and psychiatric evaluations." *Valentin-Negron v. Comm'r of Soc. Sec.*, No. CIV. 11-1860 MEL, 2012 WL 5948341, at *2 (D.P.R. Nov. 28, 2012).    Understanding that counsel must be familiar with the claimant's medical record to effectively pursue a reversal and remand of the ALJ's decision, courts have held that it is reasonable for an attorney who did not represent the claimant at the administrative level to spend time familiarizing himself with the record.  This time is separate and apart from the time counsel may spend drafting the corresponding section of a brief.  *See, e.g.*, *McNeil v. Astrue*, No. CIVA H-07-3664, 2009 WL 1451707, at *3 (S.D. Tex. May 22, 2009) (because counsel was "unfamiliar with the case when he agreed to pursue it in federal court," "[i]t st[ood] to reason that [he] would require more time to review and prepare his case than would an attorney who had been present during the administrative process"); *see also Barnes v. Astrue*, 3:11CV01780 HBF, 2013 WL 1296498, at *2 (D. Conn. Mar. 28, 2013) (because "plaintiff's counsel did not represent [her] at the administrative level[,] [he] needed time to acquaint himself with her medical records and the administrative record that totaled 650 pages"); *Rodriguez v. Astrue*, CIV308CV00154JCHHBF, 2009 WL 6319262, at *4 (D. Conn. Sept. 3, 2009) (finding that counsel's request for "time to familiarize himself with the [468-page] record of a client he did not represent at the administrative level ... seem[ed] reasonable").

Here, given that counsel was unfamiliar with Plaintiff's case, the 7 hours he spent between July 29 and August 2, 2011, reviewing and taking notes on the 458-page record, which contained 198 pages of hand-written and difficult-to-read treatment notes (*see* doc. 22-1 at 2; R. at 260–458), was not duplicative of the disputed 6.33 hours he spent between August 9 and August 11, 2011, identifying important procedural information and medical facts, and condensing them into a

chronological, 9-page summary (*see* doc. 16 at 3–12).  Notably, the "facts" section of Plaintiff's summary judgment brief contained 11 footnotes defining key medical terms, indicating that counsel spent some of the 6.33 hours conducting outside research to better understand the medical evidence and to explain its significance to the Court.  (*See* doc. 16 at 5–12.)

Ultimately, even if considered together, the 13.33 hours that counsel spent reviewing and "taking copious notes" on the record and summarizing the substantive evidence are reasonable and should not be reduced.  *See Leroux* v. Astrue, No. 3-10-CV-2634-M, 2012 WL 6757772, at *1 (N.D. Tex. Oct. 26, 2012), *recommendation adopted*, 2013 WL 28577 (N.D. Tex. Jan. 2, 2013) (finding that 15.08 hours were reasonable for counsel, who had represented the claimant at the administrative level, to review the record, "locate substantive evidence for arguments and citations to that evidence," and summarize that evidence); *Bentley v. Astrue*, No. 3:10-CV-00032-L BF, 2011 WL 2923970, at *2 (N.D. Tex. June 15, 2011), *recommendation adopted as modified on other grounds*, 2011 WL 2938223 (N.D. Tex. July 20, 2011) (finding that the 12.66 hours that counsel, who had represented the claimant before the agency, "spent reviewing and making notes on the record" were reasonable); *McNeil*, 2009 WL 1451707, at *3 (approving of 11.35 hours that counsel spent reviewing the administrative record); *Miller v. Apfel*, No. CIV.A. 300-CV-0107-M, 2001 WL 1142763, at *4 (N.D. Tex. Sept. 26, 2001) (declining to reduce from 24.10 to 12.5 the hours that counsel spent "reviewing the administrative record," with which he was "familiar" due to having represented the claimant before the agency; finding that these hours were reasonable and "evidence[d] proper billing judgment").

## D.     <u>Preparing the First Argument</u>

The Commissioner further objects that the 255 minutes (4.25 hours) that counsel spent

"preparing the first argument of Plaintiff's summary judgment motion" were "excessive" because this argument "includes two to three pages of boilerplate language and block quotes from regulations, and pertains to only three distinct sub-issues." (doc. 24 at 4.)  She requests a reduction of 75 minutes (1.25 hours).  (*Id.*)

The disputed 4.25 hours were spent preparing the first argument of Plaintiff's brief by conducting legal research and applying the law "to facts cited in the Record 108 times." (doc. 22-1 at 2.)  This argument was 7 pages long and included citations to 12 relevant social security cases, 7 regulations, 6 rulings, and over 100 citations to the record.  (*See* doc. 16 at 12–16.)  Notably, reversal and remand of the Commissioner's decision was recommended, and ultimately granted, based on this argument.  *See Harris*, 2012 WL 4442303, at *12–15; (docs. 19–21).  As discussed, the degree of success obtained by the plaintiff is "the most critical factor" in determining whether the requested attorney's fees are reasonable.  *See Northwinds*, 258 F.3d at 354.  Accordingly, the 4.25 hours that counsel spent preparing the first argument were reasonable and should not be reduced.

**E.**     **Finalizing the First Argument and Drafting the Second Argument**

The Commissioner also objects to Plaintiff's request for 215 minutes (approximately 3.58 hours) "for completing the first argument and preparing the second argument"; she contends this time is "excessive", as evidenced by the fact that the "one-page second argument includes a half page of boilerplate language."   (doc. 24 at 5.)   She requests a reduction of 125 minutes (approximately 2.053 hours).  (*Id.*)

Counsel billed the disputed 3.58 hours for completing the first issue that addressed three related sub-issues and assisted the Court in finding that the ALJ committed legal error by failing to

address, or even acknowledge, the opinions of Plaintiff's treating physician. *See Harris*, 2012 WL 4442303, at *14. The 1-page second issue assisted the Court in finding that the error was prejudicial and required remand because the ALJ's RFC findings were not supported by substantial evidence, as "the ALJ might have reached a different [disability] decision" if the treating physician's opinions had been addressed. *See id.* at *15. Accordingly, even if considered together with the 4.25 hours that counsel spent preparing the winning 7-page argument, given the thoroughness of his discussion, the 3.58 hours requested to finalize this argument and prepare the related 1-page argument are reasonable and should not be reduced. *See Bentley*, 2011 WL 2923970, at *2 (declining to reduce the attorney time requested; explaining that the "appeal was well presented, which account[ed] for [its] success," and the "excellent" "results obtained" "justif[ied] a fully compensatory fee") (citing to *Hensley*, 461 U.S. at 429).

## F.    Clerical Tasks

Finally, the Commissioner objects to the reimbursement for 25 minutes counsel spent "in connection with the issuing and serving of summons"; she argues this was a "purely clerical task" that is not compensable under the EAJA. (doc. 24 at 5.) Plaintiff "does not dispute" this objection "and agrees to withdraw [his] request for the time expended" on this work. (doc. 25 at 5.) This is the proper result since courts in this Circuit have held that counsel should not be awarded attorney's fees for clerical work that could easily be performed by support staff. *See, e.g.*, *Leroux*, 2012 WL 6757772, at *2 (citation omitted); *see also Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980); *Johnson*, 488 F.2d at 717 (the "dollar value [of clerical work] is not enhanced just because a lawyer does it").

## III.  RECOMMENDATION

*Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act* (doc. 22) should be **GRANTED, in part.**  Plaintiff should be awarded attorney's fees in the amount of $8,904.65 based on 46.78 hours at an hourly rate of $171.25 for attorney time ($8,011.65) and 9.4 hours at an hourly rate of $95 for paralegal time ($893).

SIGNED on this 21st day of May, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE